OPINION
{¶ 1} Defendant-appellant, Gretchen Babel, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting several post-divorce motions filed by plaintiff-appellee, John Babel.
 {¶ 2} The parties in this case married in 1989 and have four minor children. Appellee filed a complaint for divorce in July 2003. On May 28, 2004, the trial court granted the divorce and the parties entered into a shared parenting plan. Four months later, on October 5, 2004, appellee moved to terminate the shared parenting plan and to reduce child support and spousal support payments.
 {¶ 3} The trial court held hearings on the issue of termination of the shared parenting agreement, and on April 4, 2005 granted the motion. The court terminated the shared parenting plan and named appellee the residential parent of the children and granted appellant visitation. Appellant appealed the court's custody decision.
 {¶ 4} The court held a hearing on the issue of child and spousal support on May 31, 2005. The court terminated spousal support and recalculated the parties' child support obligations. Appellant appealed the court's decision on spousal and child support. The two cases were consolidated on appeal. Appellant raises the following four assignments of error for our review:
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT RELIED ON THE REPORT OF THE GUARDIAN AD LITEM."
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT PERMITTED EVIDENCE AND TESTIMONY REGARDING EVENTS THAT HAD OCCURRED PRIOR TO THE PARTIES' SHARED PARENTING PLAN."
 {¶ 9} Assignment of Error No. 3:
 {¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APELLANT WHEN IT GRANTED MR. BABEL RESIDENTIAL PARENT STATUS OF THE PARTIES' CHILDREN."
 {¶ 11} Assignment of Error No. 4:
 {¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT TERMINATED THE SPOUSAL SUPPORT OBLIGATION TO HER."
 {¶ 13} In her first assignment of error, appellant argues that the trial court erred when it relied on the report of the guardian ad litem. Specifically, she argues that because personal issues made it impossible for the guardian to perform her duties, the court should have extended the time so that the guardian could properly perform her job.
 {¶ 14} At a pretrial hearing, appellant requested that the court appoint a guardian ad litem for the children and asked that the previous guardian be reappointed. Appellee objected to the reappointment, because he had requested that the previous guardian speak with the children's teachers, counselors and other witnesses and she did not do so. The court stated that as part of the entry appointing a guardian, it would order that the new guardian speak with counselors and teachers.
 {¶ 15} The record shows that at the first scheduled hearing on January 3, 2004, the guardian ad litem was present and participated in questioning. At the end of the hearing, the guardian stated that she had attempted to make contact with several individuals during the holidays, but they were unavailable, and that she planned on speaking with all of them. The hearing was continued, and at a hearing on March 2, 2004, discussion on the record indicates that the guardian was not present. The court stated that it was going to hold the hearing continued in progress until March 22, 2004 for questioning by the guardian and the guardian's final report presentation. At the end of the hearing, appellant's attorney asked if he would have the guardian's report "within the requisite seven days prior to [the hearing]." The court responded that the attorney would have to speak with the guardian about that issue.
 {¶ 16} At the start of the March 22 hearing, the court indicated that a tape of the March 2 hearing had been sent to the guardian to review. The guardian indicated that she did not have any further questions for the parties, and that she had an oral report, as she had just finished reviewing the tape at 11:20 p.m. the night before. The guardian then gave her report, indicating that, although neither parent was ideal, she felt custody should be awarded to the children's father. She stated that being with appellant was not conducive to a good healthy relationship between the children and their father because appellant was manipulating the children and trying to impede their relationship with their father.
 {¶ 17} Appellant's counsel then requested, in light of the guardian's report, which he indicated was "somewhat of a surprise," that the court interview the children. The court granted this request and held an in camera interview of the children. On April 4, 2005, the court held a hearing and announced its decision to name the father as the residential parent and appellant was granted standard parenting time.
 {¶ 18} Appellant argues that in making its decision, the court "essentially adopted the guardian's report" and that this decision was erroneous because the guardian did not properly complete her duties when she failed to interview teachers and counselors and failed to prepare a written report. We find no merit to appellant's argument for several reasons.
 {¶ 19} First, appellant failed to object at the hearing when the guardian testified to either of the deficiencies she now assigns as error. No objection was made to the fact that the guardian apparently did not interview the children's teachers and counselors. In fact, the only question related to the children's teachers and counselors was a question regarding the idea of a gradual transition of custody to the father and whether the guardian had spoken to the children's counselors regarding a change in the custodial parent and how to best carry out the change. Appellant's counsel questioned the guardian regarding who has been the primary parent involved in taking the children to doctors, counseling and school involvement, and the guardian agreed that appellant was the primary parent in these situations.
 {¶ 20} Likewise, there was no objection to the fact that the guardian gave an oral, not a written report. Although, as appellant points out, a local rule requires a guardian ad litem to prepare a report and submit it seven days prior to trial, the enforcement of a local procedural rule is a matter within the discretion of the trial court. Yanik v. Yanik, Summit App. No. 21406, 2003-Ohio-4155. Appellant was aware at the March 2 hearing that the report may not be available seven days prior to the hearing and was advised to consult with the guardian regarding when the report would be available.
 {¶ 21} In addition, appellant does not argue any specific prejudice that occurred because of the guardian's alleged failure to interview the counselors and teachers. Nor does she assert any specific prejudice that occurred because the guardian gave an oral report. Instead, her position is only a general argument that the report was needed to prepare for cross-examine of the guardian and to prepare witnesses to rebut the guardian's conclusions.
 {¶ 22} We note that appellant's counsel thoroughly cross-examined the guardian regarding her conclusions and the basis for her determinations. Moreover, appellant did, in fact, ask the court to interview the children in light of the guardian's recommendations and the court granted this request.
 {¶ 23} Finally, although the court considered the guardian's report, the court's decision reflects a review of all of the evidence, and not an "adoption of the guardian's report." Accordingly, we find no error in the trial court's decision to consider the guardian's report. Appellant's first assignment of error is overruled.
 {¶ 24} In her second assignment of error, appellant contends that the trial court erred when it allowed testimony and evidence regarding events that occurred prior to the parties' shared parenting plan. Appellant agues that the court should not have focused on events that occurred prior to the time the parties entered into the shared parenting plan because both parties were aware of these facts at the time they entered into the plan.
 {¶ 25} As support for her argument, appellant cites to R.C.3109.04(E)(1)(a) which discusses the requirements for finding a change in circumstances of a court's prior decree allocating parental rights and responsibilities. This section provides that "a court shall not modify a prior decree allocating parental rights and responsibilities unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child." Appellant admits in her brief that, unlike modification of a prior court decree, the termination of a shared parenting plan does not require a change in circumstances,[1] but contends that it was still error for the court to consider this evidence. Her argument is that the purpose of the statute is to prevent relitigation of issues that already have, or could have been litigated and decided.
 {¶ 26} We find appellant's argument wholly unpersuasive. First, by the plain language of the statute, the statutory language regarding facts that have arisen since the time of the decree" refers to the change in circumstances determination, not to the best interest determination.
 {¶ 27} Moreover, the court was not relitigating issues that were previously decided. In this case, the parties voluntarily came to an agreement and entered into a shared parenting plan. Only the issue of child support was litigated before the court. Four months later, Mr. Babel moved to terminate the shared parenting plan. Both parties agreed at the start of the hearings on the motion to terminate the shared parenting plan that a change in circumstance had occurred. Based on a review of the record, it appears that at the time they entered into the plan, the parties were hopeful that they would be able to work together and resolve conflicts in a peaceful manner, but this was not the case.
 {¶ 28} Therefore, the only issue before the court was what parenting arrangement was in the best interest of the children. R.C. 3109.04(F)(1) provides a list of factors for the court to consider when determining what is in a child's best interest. These factors are not limited to events occurring after a prior order, and in fact, in order to properly assess these factors, a court must look at all events that affect the child's best interest. In addition, the statutory provision regarding termination of a shared parenting agreement provides that on termination of a shared parenting decree, "a court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children * * * as if no decree for shared parenting had been granted and as if no request for shared parenting had ever been made." R.C. 3109.04(E)(2)(d). Thus, the statute contemplates the trial court's consideration of the parenting issue begins anew once a shared parenting plan is terminated.
 {¶ 29} As the court in this case had not heard testimony on the issue of parenting prior to the motion to terminate the shared parenting plan, testimony regarding parenting issues that occurred both before and after entering into the plan was not only relevant, but also necessary for the court to make a best interest determination. Appellant's second assignment of error is overruled.
 {¶ 30} In her third assignment of error, appellant contends that the trial court erred in naming appellee as the residential parent. She argues that the court put undue emphasis on one factor, that appellant was instilling a false sense of fear in the children about their father. She contends that according to the court, all other factors appeared equal, and the court's reasoning was not sufficient justification for changing custody.
 {¶ 31} When making a best interest determination, the court must consider the non-exhaustive list of factors found in R.C.3109.04(F). Under this section, the court is required to consider "all relevant factors" including, among others: (1) the wishes of the parents; (2) the wishes of the children; (3) the children's relationship with the parents, siblings, and others significantly affecting the child's best interest; (4) the child's adjustment to home, school, and community; (5) the mental and physical health of all parties; (6) the parent most likely to honor and facilitate court-approved parenting, visitation, and companionship rights; and (7) any failure of a parent to promptly pay a child support payment, when required to do so by the courts.
 {¶ 32} It is well-established that a trial court's decision regarding the custody of a child will not be reversed absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, syllabus; Simmons v. Willett, Morgan App. No. 02 CA 8, 2003-Ohio-3677. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Rather, an appellate court's role is to ascertain whether the award of custody is supported by competent and credible evidence. See Davis v.Flickinger, 77 Ohio St.3d 415, 1997-Ohio-260. Because the trial court observes the proceedings firsthand, it is in a far better position to observe the witnesses' demeanor and weigh their credibility. In re E.F.S., Butler App. No. CA2004-04-096,2006-Ohio-499.
 {¶ 33} We find that the trial court did not abuse its discretion in determining that appellee should be the residential parent of the parties' children. The trial court discussed each of the statutory factors and the facts related to consideration of each factor. The record supports the trial court's determinations on each of the factors. The trial court found that neither parent was outstanding and discussed the shortcomings of each parent, finding that each parent was manipulative, hateful and seeking to harm the other without concern for their children.
 {¶ 34} The court further found that both parties lack the ability to "look beyond their own petty issues to facilitate the best interest of the children." However, the court found that appellant was denigrating appellee and instilling false fear in the children of their father. The court stated that deciding this case was difficult, but that appellee should be named residential parent. This determination was not an abuse of discretion. The court considered the factors and was faced with two parents, neither of which was an ideal parent. The court then chose to grant residential parent status to the party who was not denigrating the other parent in front of the children and who was not causing unsubstantiated fear about the other parent in the children. Because competent, credible evidence supports the trial court's decision, we find that it was not an abuse of discretion to award residential parent status to appellee. Appellant's third assignment of error is overruled.
 {¶ 35} Finally, in appellant's fourth assignment of error, she argues that the trial court erred in terminating appellee's spousal support obligation to her.[2] At the time of the parties' divorce, the court heard evidence regarding the parties' employment and earning abilities. At that time, the evidence showed that appellant had a background and degree in computer science, but had been out of the work force since 1992 when the parties' first child was born. At that time, the court found appellant was voluntarily unemployed and imputed income to her for purposes of calculating child support.
 {¶ 36} Prior to the divorce, a hearing was held with expert testimony regarding the skills, classes and training appellant would need to re-enter the workforce in her previous field of employment. At the final hearing on the divorce, appellant discussed how, since the time the divorce was filed, and since the court imputed income to her, she had still not looked for a job, nor had she pursued any training in the computer science field. She stated that she was now considering a career teaching math in high school and that she had looked into the requirements for becoming certified to teach. She stated that it would take about two and a half years for her to obtain her teaching certificate and become self-sufficient. Appellant asked the court to award spousal support so that she could pursue her education and find a job. She requested two and a half years of spousal support so that she could pursue her education and not have to work while going to school and taking care of the children.
 {¶ 37} The court stated that it was awarding spousal support in order to equalize the parties' income and to give appellant an opportunity to re-enter professional employment and still have sufficient means to care for the children. In the final divorce decree in May 2004, the court awarded appellant $666.67 a month in spousal support for 30 months.
 {¶ 38} After the court terminated the shared parenting plan, it held a separate hearing on the motions regarding child support and spousal support. At this hearing, held on May 31, 2005, appellee testified that he now has the children and that his income had been reduced from $120,000 to $90,000 a year. Appellant testified that she was no longer living in the marital home and was no longer was the residential parent. She stated that she had not enrolled in classes, or pursued any training, and she was not sure that she would. She testified that she was working through a temporary agency in a "temp to hire" position at $12 an hour. She stated that she did not plan on pursuing any training in the next few months due to the major changes in her life, including the loss of her children, a new job, and moving.
 {¶ 39} The decision to modify or terminate spousal support is within the sound discretion of the trial court, and an appellate court will not reverse the trial court's decision absent an abuse of discretion. Lindsay v. Curtis (1996), 115 Ohio App.3d 742,746. To find an abuse of discretion, an appeals court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 40} In its decision terminating spousal support, the trial court stated that at the time of awarding spousal support, appellant was the residential parent and the award was granted in order to give her an opportunity to re-enter the professional employment market while still having sufficient means to care for the children. The court further considered the reduction in appellee's income, and the fact that he was now the residential parent. The court further stated that Mrs. Babel has "job-hopped" and has failed to enter any training program in order to make her skills more marketable. The court also found that appellant has no intention of entering any training within the next few months and no evidence was presented that she ever intends to do so.
 {¶ 41} Given these unique circumstances, we find that the trial court did not abuse its discretion in terminating appellant's spousal support. The purpose of granting spousal support was to allow appellant to seek training while still caring for the children. However, despite having over a year to do so, appellant did not seek any type of training. Moreover, even though she is no longer the residential parent, appellant's testimony reveals that she is not sure she will ever seek such training. Although appellant offered various excuses for not pursuing training or better employment, it was still within the court's discretion to find that appellant had failed to seek training. As the court did not abuse its discretion in terminating spousal support, appellant's fourth assignment of error is overruled.
 {¶ 42} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] See R.C. 3109.04(E)(1)(a) which provides that a shared parenting plan may be terminated on request of one or both of the parents or whenever the court determines shared parenting is not in the best interest of the children.
[2] We note that although appellant's assignment of error addresses only the court's decision to terminate spousal support, she also presents an argument that the court should not have imputed $36,000 in income to her as the testimony at the hearing showed she was making only $24,000. However, appellant appealed the trial court's decision that appellant was capable of making $36,000 a year and imputing that amount of income in the final divorce decree. This court affirmed that decision. Babel v.Babel, (Mar. 28, 2005 Accelerated Calendar Judgment Entry), Butler App. No. CA2004-06-159. As appellant did not argue any type of modification was necessary in the trial court, and the trial court did not render a decision on whether the amount of imputed income was still correct, we find this issue is res judicata.