OPINION
{¶ 1} Capital One Bank appeals from a judgment of the Willoughby Municipal Court granting a motion to dismiss for failure to state a claim in an action filed by Capital One to collect a debt owed on a credit card account. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} Substantive and Procedural Facts
 {¶ 3} The record reflects on March 7, 2008, Capital One filed a complaint in the Willoughby Municipal Court alleging that James C. Burkey, President of Northeastern *Page 2 
Asphalt, Inc., and Northeastern owed it $18,456.19 on a credit card account issued by Capital One. Attached to Capital One's complaint were (1) an account statement showing a balance of $13,253.58 as of September 25, 2006, (2) a statement of the terms and conditions of the credit card, and (3) a "Business Platinum Card Authorization Form" signed by Burkey with his title as President after his name, in which "Northeastern Asphalt Inc." was listed as the "business name" for the account.
 {¶ 4} On April 4, 2008, Burkey filed an answer and a motion to dismiss for failure to state a claim pursuant to Civ. R. 12(B)(6).[1] In his brief attached to the motion to dismiss, he contended that Capital One failed to state a claim upon which relief can be granted because he was not personally liable for the debt, since he did not have a contract with Capital One and he signed the application for the credit card only as an agent of the corporation.
 {¶ 5} The next entry in the trial court's journal in this case reflects an order issued by the court on April 23, 2008, which granted Burkey's motion to dismiss. The order stated: "Defendant James C. Burkey's Motion to Dismiss came on for consideration by the Court, no responsive pleading having been filed. Upon consideration of the pleading, Motion is granted."
 {¶ 6} Almost a month later, on May 22, 2008, Capital One filed a "Motion to *Page 3 
Vacate Dismissal as to James C. Burkey" pursuant to Civ. R. 60(B)(1) and (5).[2] Also on this date, Capital One filed a "Notice of Dismissal Without Prejudice of Northeastern Asphalt Inc," which notified the court of its dismissal of Northeastern as a defendant pursuant to Civ. R. 41(A).
 {¶ 7} A day later, on May 23, 2008, Capital One filed the instant appeal. As a result, the trial court issued an order on May 29, 2008, stating it will not consider Capital One's motion to vacate the court's judgment of dismissal because Capital One already filed an appeal from that the court's judgment of dismissal. It raises the following assignment of error:
 {¶ 8} "The trial court erred in granting Burkey's Motion to Dismiss because such a Motion only tests the sufficiency of the Complaint and Capital's cause of action was properly pled."
 {¶ 9} Willoughby Municipal Court's Local Rules contain a "default" provision with regard to the motion practice in that court. Rule 6 of the Willoughby Municipal Local Rules states, in pertinent part:
 {¶ 10} "Rule 6. Motion Practice. *Page 4 
 {¶ 11} "General Motion Practice. All motions shall have appended a brief in support of the motion containing a short, concise, factual statement of the basis of the motion, the relief sought, and the appropriate authorities supporting such motions.
 {¶ 12} "In all motions directed to the Court, unless otherwise provided in these rules or in the Ohio Rules of Civil Procedure, thefailure of a party against whom a motion is made to file a brief inopposition within fourteen (14) days from the date of service of suchmotion may be construed by the Court as an admission that the motion maybe granted. Motions to extend the time for filing of briefs in opposition shall be requested prior to the expiration of the fourteen (14) day period." (Emphasis added.)
 {¶ 13} Here, Capital One failed to file a brief opposing Burkey's motion to dismiss within the fourteen-day period required by the local rules, and the trial court granted the motion nineteen days after the motion to dismiss was filed.
 {¶ 14} Courts in Ohio are permitted to enact local rules as long as those rules are not inconsistent with any rules governing practice and procedure promulgated by the Supreme Court of Ohio. Civ. R. 83; State exrel. Henneke v. Davis (1986), 25 Ohio St.3d 23. Any local rule governing motion practice is therefore enforceable to the extent that it is consistent with the Civil Rules. Vance v. Roedersheimer (1992),64 Ohio St. 3d 552, 554.
 {¶ 15} In Dvorak v. Petronzio, 11th Dist. No. 2007-G-2752,2007-Ohio-4957, ¶ 30, this court stated "it is well-settled that the enforcement of Local Rules is a matter within the discretion of the court promulgating the rules, citing In re D.H., 8th Dist. No. 89219,2007-Ohio-4069, ¶ 25 ("[c]ourts are given latitude in following their own local rules; the enforcement of court rules is within the discretion of the court"); Babel v. Babel, *Page 5 
12th Dist. Nos. CA2005-05-104 and CA2005-06-141, 2006-Ohio-4323, ¶ 20 ("the enforcement of a local procedural rule is a matter within the discretion of the trial court"); Huntington Nat'l. Bank of Northeast Ohio v.Ashshaheed (Dec. 8, 1989), 11th Dist. No. 88-A-1405, 1989 Ohio App. LEXIS 4567, at *6-*7 ("as courts are to be given latitude in following their own local rules the enforcement of rules of court is held to be within the sound discretion of the court").
 {¶ 16} See, also, In re T.W., 8th Dist. Nos. 88360 and 88424,2007-Ohio-1441, ¶ 39 (courts are to be given latitude in following their own local rules; the enforcement of rules of court is held to be within the sound discretion of the court); Ciokajlo v. Ciokajlo (July 28, 1982), Hamilton App. No. C-810158, 1982 Ohio App. LEXIS 12823; Hanes v.Block (1945), 78 Ohio App. 394, 397.
 {¶ 17} In this case, Capital One failed to respond to Burkey's motion to dismiss within fourteen days as required by Rule 6 of the Willoughby Municipal Court Local Rules. Pursuant to the rule, the failure of a party to file a brief opposing a motion within the time may be construed by the court as an admission that the motion may be granted. The trial court in this case exercised its authority conferred by the local rules and granted Burkey's motion to dismiss. Because the enforcement of the local rule is not inconsistent with the civil rules, we affirm the court's dismissal in this case.
 {¶ 18} It is worth noting that Capital One's counsel apparently was aware of the local rule requiring the filing of an opposing brief within fourteen days and the consequence of a failure to respond. Counsel for Capital One represented in its brief to this court that she sought and obtained consent of Burkey's counsel for an extension of time to file a brief opposing Burkey's motion to dismiss — although the court's journal *Page 6 
does not reflect any such filing. Therefore, the circumstances surrounding this case indicates Capital One had actual notice of the court's authority to grant Burkey's motion to dismiss if that motion was not opposed within fourteen days. We recognize the law favors deciding a case on its merits rather on a technical error, but we feel compelled to allow the trial court to exercise its discretion and enforce its local rules in this case.
 {¶ 19} Accord Bias v. Harrison (Dec. 3, 1998), 8th Dist. No. 74906, 1998 Ohio App. LEXIS 5793 (where plaintiff failed to respond to defendant's Civ. R. 12(B)(6) motion to dismiss in the allotted seven day period pursuant to the local rules, or to file for an extension of time to respond, the trial court did not err in granting defendant's motion to dismiss).
 {¶ 20} The judgment of the Willoughby Municipal Court is affirmed.
DIANE V. GRENDELL, P.J., COLLEEN MARY OTOOLE, J., concur.
[1] Although Burkey's motion requested that the court treat the motion as one for summary judgment in the alternative, his motion was titled "Motion to Dismiss by Defendant James Burkey for Failure to State a Claim Upon Which Relief May Be Granted" and the attached brief only made arguments pursuant to Civ. R. 12(B)(6).
[2] In the brief attached to the motion to vacate, Capital One's counsel stated: "When the undersigned counsel received Burkey's Motion to Dismiss, she contacted Burkey's attorney and requested and [sic] extension of time within which to respond to the motion. The undersigned counsel have [sic] various reasons for requesting an extension before respond [sic], one of which she wanted to investigate the claim further, another one being that Plaintiff was hopeful that a resolution would be forthcoming between the parties. Burkey's attorney consented to this extension and a request for additional time to respond to Burkey's Motion to this Court was forwarded to this Court for filing. However, by that time, this Court had already made a ruling in favor of Burkey's Motion to Dismiss." Despite counsel's representation that an extension of time was being forwarded to the trial court, the court journal did not reflect such a request was ever filed. *Page 1