[Cite as *Chepp v. Chepp*, 2011-Ohio-4451.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

JEAN M. CHEPP                                    :

     Plaintiff-Appellee/                       :          C.A. CASE NO.      2010 CA 113

     Cross-Appellant                          

v.                                               :          T.C. NO.    00DS322

MARK J. CHEPP                                    :          (Civil appeal from Common
                                           Pleas Court, Domestic Relations)

     Defendant-Appellant/                      :
     Cross-Appellee

                                                 :

              . . . . . . . . . .

**O P I N I O N**

Rendered on the ___2nd___ day of ___September___, 2011.

. . . . . . . . . .

JAMES W. SKOGSTROM, Atty. Reg. No. 0012000, 2 W. Columbia Street, Suite 200, P.O. Box 1404, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee/Cross-Appellant

DAVID M. MARTIN, Atty. Reg. No. 0006623, 4 W. Main Street, Suite 707, Springfield, Ohio 45502
        Attorney for Defendant-Appellant/Cross-Appellee

. . . . . . . . . .

FROELICH, J.

{¶ 1} Appellant/Cross-Appellee Mark Chepp appeals from a trial court order granting his motion to modify his spousal support obligation to his ex-wife, Appellee/Cross-Appellant, Jean Chepp.  Both parties argue that the trial court abused its

discretion when determining the amounts of their incomes in order to calculate the modified spousal support order.

{¶ 2} The Chepps were married in 1971. A decree of dissolution was entered in 2000. In accordance with the parties' separation agreement, which was made part of the decree, Mr. Chepp was ordered to pay $2,711/month in spousal support to Mrs. Chepp. Pursuant to the agreement, the spousal support was intended to "equalize" the parties' income. The trial court retained jurisdiction over the issue of spousal support for the purpose of modification in the event of any unforeseen substantial change in circumstances.

{¶ 3} In 2006, Mr. Chepp filed a motion to modify his spousal support order both because he was retiring at the end of the year and due to an increase in Mrs. Chepp's income. An evidentiary hearing was held in June 2007, and the trial court overruled his motion the following month. Mr. Chepp filed objections, which he later withdrew after filing another motion to modify spousal support. A hearing was held on the second motion in January 2008, and the motion was overruled. Mr. Chepp filed an objection to the magistrate's decision. Finding that the magistrate had not considered all of the necessary factors, the trial court judge held a supplemental evidentiary hearing in September 2008. The trial court overruled Mr. Chepp's objections and denied his motion to modify his spousal support order.

{¶ 4} Mr. Chepp appealed. We concluded that the trial court did not abuse its discretion in finding that Mr. Chepp's voluntary early retirement did not constitute a substantial change of circumstances because it was taken, at least in part, in order to avoid his spousal support obligation. *Chepp v. Chepp,* Clark App. No. 2008 CA 98,

2009-Ohio-6388, ¶16 (*Chepp I*). We further concluded, however, that the trial court was also required to consider whether the increase in Mrs. Chepp's income constituted a substantial change of circumstances meriting a modification of the spousal support order. Id. at ¶17. Accordingly, we reversed the order of the trial court and remanded the matter "for a determination of the narrow issue of whether the increase in Mrs. Chepp's income is a substantial change of circumstances, within the meaning of R.C. 3105.18(F), taking into account the facts as they were at the time of the hearings below." Id. at ¶18.

{¶ 5} On remand, the trial court held a conference with counsel for both parties, after which the court issued an entry that stated that the increase in Mrs. Chepp's income did "appear to be a substantial change in circumstances." However, the trial court went on to find that there was no evidence upon which it could determine whether the increase, which was due in part to the onset of pension payments to Mrs. Chepp, was contemplated by the parties at the time that they entered into the separation agreement. Therefore, the trial court denied Mr. Chepp's motion for modification.

{¶ 6} Mr. Chepp again appealed, arguing that the trial court had failed to follow our mandate on remand. We concluded that the trial court did follow our directive, to the extent that the court found that the increase in Mrs. Chepp's salary from approximately $30,000 in 2000, to more than $53,000 in 2007, constituted a change in circumstances. However, the trial court abused its discretion when it "went beyond this 'narrow issue,' set forth in our mandate, and determined that this 76% increase in Ms. Chepp's annual salary, not including her pension income, over a seven-year period, was a change not contemplated by the parties at the time of the decree." *Chepp v. Chepp,* Clark App. No. 2008 CA 98, 2010-Ohio-5383,

¶¶13, 24 (*Chepp II*). We explained: "Although the trial court may impute income to Mr. Chepp upon the ground that he is voluntarily underemployed, upon remand the trial court is directed to modify spousal support to implement the clear intent of the parties' agreement, which is the equalization of their incomes."

{¶ 7} On the second remand, the trial court again imputed Mr. Chepp's income at $95,400, which was the amount he was earning at the time of the parties' dissolution. The trial court also used the same figures for Mrs. Chepp that it has used in its first decision, i.e., $78,656, which reflected both her salary and her pension payments. Based upon those amounts, the trial court reduced Mr. Chepp's monthly spousal support obligation to $697.66/month.

{¶ 8} Mr. Chepp appeals, and Mrs. Chepp cross-appeals.

I

{¶ 9} Mr. Chepp's sole assignment of error:

{¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO FOLLOW THE REMAND ORDER OF THE APPELLATE COURT."

{¶ 11} Mrs. Chepp's sole assignment of error:

{¶ 12} "THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER APPELLANT'S PENSION ANNUITY IN DETERMINING HIS INCOME."

{¶ 13} In his sole assignment of error, Mr. Chepp contends that the trial court abused its discretion in imputing his income at $95,400, the amount that he was earning at the time of the dissolution, when he offered evidence that his actual income in 2006 was $92,246.92. In her sole assignment of error, Mrs. Chepp insists that the trial court abused its discretion in

failing to include Mr. Chepp's pension as part of his income. Alternatively, she claims that if Mr. Chepp's pension is not going to be included as part of his income, then her own pension should not be included as part of her income.

{¶ 14} Trial courts have broad discretion regarding spousal support orders; therefore, an appellate court will not disturb those orders absent an abuse of that discretion. *Reveal v. Reveal,* 154 Ohio App.3d 1132, 2003-Ohio-5335, ¶14, citations omitted. A trial court abuses its discretion when the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. Moreover, a reviewing court may not merely substitute its judgment on factual or discretionary issues for that of the trial court. *Reveal,* supra, at ¶14.

{¶ 15} In this third appeal, the parties have raised for the first time claims that the trial court abused its discretion in calculating the amounts of their income. However, the doctrine of res judicata prevents us from considering these arguments, which could and should have been raised during earlier appeals.

{¶ 16} "The doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as * * * estoppel by judgment, and issue preclusion, also known as collateral estoppel." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381. "Under the doctrine of res judicata, '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Kelm v. Kelm,* 92 Ohio St.3d 223, 227, 2001-Ohio-168, quoting *Grava,* supra, at syllabus. Furthermore, "[r]es judicata operates to bar litigation of 'all claims which were or might have been litigated in a first lawsuit.'"

*Grava*, 73 Ohio St.3d at 382, quoting *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62 (emphasis omitted).

{¶ 17} In *Babel v. Babel,* Butler App. Nos. 2005-05-104 and 2005-06-141, 2006-Ohio-4323, the appellant challenged a trial court decision granting several post-decree motions filed by the appellee. In part, the appellant argued that the trial court had erred in determining the amount of income that the court attributed her. However, the appellate court refused to address her argument, noting that the claim was barred by the doctrine of res judicata, since the appellant had failed to raise the issue in her direct appeal from the divorce decree. Id. at ¶35, fn. 2. The situation before us is analogous to *Babel,* because during the course of the lengthy history of this case, neither party has ever contested the amounts of income attributed to them.

{¶ 18} In *Chepp I,* the issues on appeal were whether the trial court abused its discretion in: (1) imputing income to Mr. Chepp; and (2) finding that Mrs. Chepp's increased income did not amount to a change in circumstances. Neither party assigned any error to the court's determination of the amounts of their incomes.

{¶ 19} In *Chepp II,* the trial court had not considered any new evidence, and the issue before us was whether the trial court had exceeded the scope of our remand by concluding that there was insufficient evidence from which the court could determine whether the increase in Mrs. Chepp's income had been contemplated at the time of the parties' dissolution. Once again, neither party claimed that the court abused its discretion in determining the amounts of their incomes.

{¶ 20} Mr. Chepp has never before argued that the amount of income imputed to him

was incorrect. Similarly, Mrs. Chepp has never before claimed either that Mr. Chepp's pension should have been added to the imputed income, or that her own pension should not have been included in her total income. The doctrine of res judicata prevents us from now considering either of the parties' arguments about what the court found in 2007, which are being presented for the first time in this third appeal.

{¶ 21} Because the parties could and should have raised any challenges to the trial court's determination of their incomes during earlier appeals, we cannot conclude that the trial court abused its discretion in reducing Mr. Chepp's spousal support order from $2,711/month to $697.66/month. Accordingly, both of the parties' assignments of error are overruled.

II

{¶ 22} Having overruled both Mr. Chepp's assignment of error and Mrs. Chepp's assignment of error, the judgment of the trial court will be Affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

James W. Skogstrom
David M. Martin
Hon. Thomas J. Capper