[Cite as *Thiery v. Thiery*, 2024-Ohio-2936.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| APRIL D. THIERY (SMILES) | : | |
| | : | |
| Appellee | : | C.A. No. 29936 |
| | : | |
| v. | : | Trial Court Case No. 2018 DR 00958 |
| | : | |
| WILLIAM F. THIERY | : | (Appeal from Common Pleas Court- |
| | : | Domestic Relations) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 2, 2024

. . . . . . . . . . .

RICHARD L. KAPLAN, Attorney for Appellant

DALMA C. GRANDJEAN, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant William F. Thiery appeals from a judgment of the Domestic Relations Division of the Montgomery County Court of Common Pleas, which found him in contempt for failing to pay his temporary spousal support arrearage and his monthly spousal support obligation to Plaintiff-Appellee April D. Thiery.   For the reasons

that follow, we will affirm the judgment of the trial court.

I.  Facts and Course of Proceedings

{¶ 2} April and William[1] were married in Huber Heights, Ohio on December 19, 2009.   No children were born as issue of the marriage.   On October 16, 2018, April filed a complaint for divorce.   The trial court issued a temporary order requiring William to pay to April "by way of temporary spousal support, the sum of $965.32 per month beginning 11/01/2018."   William filed an answer and counterclaim.

{¶ 3} On September 6, 2019, a final contested divorce hearing was held.   William subsequently filed a brief with the trial court arguing against an award of spousal support or attorney fees because his federal disability income should not be considered income.

{¶ 4} On November 19, 2019, the trial court issued a decision resolving the issues raised by the parties.   The trial court noted that the parties had read into the record at the final divorce hearing an agreement that would be incorporated into the final judgment and decree of divorce.   The court then resolved the remaining contested issues, including spousal support.   With regard to spousal support, the trial court found that William had an annual income of $50,300 based on his $3,352 per month in VA Disability and $840 per month in Social Security Disability.   After considering the statutory factors in R.C. 3105.18(C), the testimony of the parties, and the parties' credibility and demeanor, the court found that William should pay $600 per month in spousal support for 31 months and that the spousal support obligation would be subject to the continuing jurisdiction of

---

[1] For purposes of clarity and convenience, we will refer to the parties by their first names.

the court as to both amount and duration. The trial court directed April's counsel to prepare a final judgment and decree of divorce consistent with the court's decision and the agreement of the parties.

{¶ 5} On December 30, 2019, the trial court entered a final judgment and decree of divorce. Relevant to this appeal, the trial court noted that William had a temporary spousal support arrearage of $10,618.52 as of September 1, 2019. The trial court ordered William to repay the total arrearage within 30 days of the judgment entry or, in the alternative, and in addition to paying his $600 per month spousal support obligation, he would be required to pay $200 per month until the arrearage was extinguished. The court stated that the amount and duration of William's spousal support obligation "shall remain subject of the Court's continuing jurisdiction." William did not appeal from the final judgment and decree of divorce.

{¶ 6} On June 26, 2020, April filed a motion requesting that the trial court order William to appear before the court and show cause why he should not be held in contempt for his failure to pay the temporary spousal support arrearage, April's interim attorney fees, his ongoing monthly spousal support obligation, and the sum incurred by April to obtain discovery. April also asked the trial court to order William to pay her attorney fees incurred in bringing the motion for contempt and to pay interest on his unpaid periodic support.

{¶ 7} William opposed April's motion to show cause and moved for relief from the final judgment and decree of divorce pursuant to Civ.R. 60(B)(5) because "any term in the divorce decree ordering spousal support was void ab initio for being violative of Ohio

and Federal Law." William asked the trial court to vacate the divorce decree as it applied to spousal support.

{¶ 8} April filed a motion for summary judgment requesting that the trial court prohibit William "from reasserting the same defense previously claimed during the parties' original divorce proceeding." April argued that William's contention that his disability income should have been excluded from the spousal support calculation was barred by res judicata because he did not appeal from the final judgment and decree of divorce. Further, April contended that the trial court had correctly determined that disability benefits could be included as a source of income in determining the appropriate amount of spousal support.

{¶ 9} The magistrate issued a decision recommending that April's contempt motion and request for attorney fees be set for an evidentiary hearing. Further, the magistrate recommended that the court overrule William's Civ.R. 60 motion. William filed objections and supplemental objections to the magistrate's decision.

{¶ 10} On March 18, 2022, the trial court issued a decision ruling on the objections. The trial court overruled William's Civ.R. 60(B) motion, noting that Civ.R. 60 could not be used as a substitute for an appeal. The trial court then set a hearing before the magistrate regarding April's motion for contempt. William filed a timely notice of appeal from the trial court's March 18, 2022 decision. However, on September 7, 2022, we dismissed William's appeal for lack of prosecution.

{¶ 11} On April 25, 2023, the magistrate held a hearing on April's June 2020 motion to find William in contempt. The magistrate issued a decision on June 6, 2023,

finding that William was in contempt of court for failing to pay the temporary spousal support arrearages and his monthly spousal support obligation. The magistrate recommended a 7-day sentence in the Montgomery County Jail and set forth terms by which William could purge the contempt.

{¶ 12} On June 20, 2023, William filed the following objections to the magistrate's decision:

Objection I: The Magistrate's decision holding William Thiery in contempt as referred to in the June 6, 2023, [sic] is not supported by law or fact.

Objection II: The use of contempt procedure to force compliance with an unlawful Court Order violates both State and Federal law.

Objection III: The Divorce Decree of December 30, 2019, and the spousal support portion thereof, are in violation of the State and U.S. law which determine the nature of income. Veteran's Benefits, like Will's are not gross income for spousal support purposes. R.C. 3119.01(C)(5) referring to R.C. 3105.18 and R.C. 3119.01(C)(12).

Objection IV: William's claim regarding his Veteran's Administration Combat Disability Benefit and combat related SSDI are not barred by res judicata or collateral estoppel.

Objection V: There are were [sic] no grounds for a hearing on the motion for contempt as the underlying order(s) were void.

Objection VI-XX: Mr. Thiery reserves the right to amend, supplement,

add additional objections.

{¶ 13} On that same day, William also filed (1) a motion for an extension of time to file additional amended objections after the transcript was filed, and (2) a praecipe to the clerk of courts for the preparation and filing of a transcript of the April 25, 2023 hearing before the magistrate. The trial court granted William's motion for an extension of time. Over the next 79 days, no transcript was filed, and no deposit was made with the court reporter for the cost of the transcript.

{¶ 14} On September 8, 2023, the trial court overruled William's objections to the magistrate's decision. The court noted that "[a] transcript of the proceedings was ordered, however, was later declined, and was not available to the court, pursuant to Mont. D.R. Rule 4.44 and Mont. D.R. Rule 4.45." Decision (Sept. 8, 2023), p. 2. Due to the lack of a transcript to review, the trial court stated that it was bound by law to accept the magistrate's findings of facts. After restating the magistrate's findings of fact, the trial court noted that William argued that the magistrate made her decision "based on void underlying orders due to the unlawful application of state and Federal law." *Id.* at 7. The trial court explained that it had already decided that William's VA benefits were income in three previous decisions. The court concluded, "[d]espite Defendant's persistent and unrelenting argument that his income is not includable for purposes of spousal support, the underlying orders and the applicable law used in those orders are res judicata. As such, this Court will not address that argument, as it is settled." *Id.* The court also stated that William had failed to obtain the transcript and, as such, the court was required to use the magistrate's findings of fact in its review. *Id.* The court then overruled

William's objections to the magistrate's decision.

{¶ 15} The trial court found William in contempt and sentenced him to 7 days in the Montgomery County Jail. The court suspended the jail sentence pending William's opportunity to purge the contempt, which required him to pay his spousal support obligation, his spousal support arrearage, $500 of April's attorney fees, and the clerk's administration fees. William filed a timely notice of appeal from the trial court's judgment.

II. The Trial Court Did Not Abuse Its Discretion in Finding William in Contempt

{¶ 16} William's first assignment of error states:

THE TRIAL COURT HAD NO CONTEMPT JURISDICTION OVER THE ORDER, AS CONTEMPT JURISDICTION ONLY APPLIES TO LAWFUL ORDERS OF THE COURT. THE ORDER ATTEMPTING TO BE ENFORCED IS UNLAWFUL.

{¶ 17} This assignment of error involves whether the trial court could find William in contempt for failing to pay the spousal support obligation set forth in the December 2019 final judgment and decree of divorce. We review a trial court's decision in a contempt proceeding for an abuse of discretion. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11 (1981), citing *Cady v. Cleveland Worsted Mills Co.*, 126 Ohio St. 171 (1933). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985).

{¶ 18} William contends that the final judgment and decree of divorce was unlawful to the extent that the trial court used his federal disability income in its calculation of spousal support. According to William, the trial court misapplied Ohio law and instead should have found that federal disability income cannot be considered income for purposes of calculating spousal support. William argues that, because the final judgment and decree of divorce was unlawful, he could not be found in contempt of it.

{¶ 19} April responds that the issue of William's federal disability income has been litigated between the parties, and it was held to constitute income for purposes of spousal support in the December 30, 2019 final judgment and decree of divorce and the March 18, 2022 decision. Because William failed to successfully prosecute an appeal from either final order, April believes he is precluded by res judicata from raising the issue in this appeal.

{¶ 20} "Principles of res judicata apply both to issues that were actually litigated and adjudicated in a divorce action, as well as to matters that *could* have been litigated and adjudicated." (Emphasis in original.) *Coleman v. Coleman*, 2015-Ohio-2500, ¶ 10 (9th Dist.), citing *Bean v. Bean*, 14 Ohio App.3d 358, 361 (12th Dist. 1983). In short, the doctrine of res judicata prevents us from considering arguments that could and should have been raised during earlier appeals. *Chepp v. Chepp*, 2011-Ohio-4451, ¶ 15 (2d Dist.). William did not file a direct appeal from the December 2019 final judgment and decree of divorce. Rather, he subsequently filed a motion to obtain relief from that judgment, which was denied in March 2022. He timely appealed from that March 2022 decision. However, we dismissed that appeal for lack of prosecution. Therefore, we

conclude that the arguments William raises in his first assignment of error are barred by res judicata.

{¶ 21} William contends res judicata should not apply because the final judgment and decree of divorce was void. We do not agree. "Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, ' . . . the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred.' " *State ex rel. Pizza v. Rayford*, 62 Ohio St.3d 382, 384 (1992), quoting *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 499 (1854). "And when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *State v. Harper*, 2020-Ohio-2913, ¶ 26, citing *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 12, 21. It is undisputed that the trial court had subject-matter jurisdiction over April's complaint for divorce and the issue of spousal support. Therefore, William's argument that the trial court erred in its calculation of spousal support would, at most, render the trial court's judgment voidable, not void. "Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal." *Id.*, citing *State v. Payne*, 2007-Ohio-4642. *Accord Miller v. Nelson-Miller*, 2012-Ohio-2845, ¶ 19-20 (holding that the attempted collateral attack on the domestic relations court's voidable judgment entry was improper). "As 'a matter of common sense, common law, and common justice,' one cannot attack a final and valid judgment by raising, in a contempt proceeding, the question of the trial court's authority to make the original order." *Ahmad v. Ahmad*, 2010-Ohio-5635, ¶ 23 (2d Dist.), quoting *Thiessen v. Moore*, 105 Ohio St. 401, 430 (1922).

{¶ 22} The arguments raised by William in his first assignment of error are barred by the doctrine of res judicata.   Therefore, the first assignment of error is overruled.


III.     William Was Not Denied Due Process Because He Received a Full Hearing Before the Magistrate and The Local Rules Provided Him With Notice that His Objections Could Be Ruled On Before a Transcript Was Filed If No Deposit Was Paid

{¶ 23} William's second assignment of error states:

THE TRIAL COURT ERRED TO THE PREJUDICE OF WILLIAM THIERY WHEN IT OVERRULED WILL'S OBJECTIONS TO THE MAGISTRATE'S DECISION WHILE THE TRANSCRIPT WAS PENDING. UNDER THE CIRCUMSTANCES THE TRIAL COURT RENDERING A RULING VIOLATED WILL'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS.

{¶ 24} William's second assignment of error concerns the trial court's decision to rule on William's objections to the magistrate's decision before a transcript was filed.   It is undisputed that no transcript of the magistrate's decision was filed despite the trial court's extension of time in which to do so.   William contends, however, that the trial court erred by ruling on his objections to the magistrate's decision instead of waiting for the transcript to be filed.   According to William, "[t]he trial court ignored its own entry granting an open extension of time for filing a transcript and supplemental objections.   That Entry had no definite due date nor did it place a limitation on the time of the extension."

Appellant's Brief, p. 5. William states that "[d]uring the time of the filing of the order granting the extension of time Will was obtaining the funds for the deposit which is required for the preparation of the transcript." *Id.* at 5-6. William believes the trial court could not rule on his objections unless it issued an additional, separate order giving him advance notice that the court was going to consider his objections without waiting any longer for the transcript.

{¶ 25} April responds that it was William's burden to file the transcript and he failed to meet his burden. Appellee's Brief, p. 5. She notes that William had approximately two and a half months to file the transcript. Further, April contends that the only issue raised in William's objections was an issue of law, and the parties agreed on the facts at issue in this appeal. *Id.* Therefore, the trial court properly considered the objections without a transcript.

{¶ 26} An objection to a factual finding of a magistrate must be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding. Civ.R. 53(D)(3)(b)(iii). The objecting party must file the transcript with the court within 30 days after filing objections unless the court extends the time in writing for preparation of the transcript. *Id.* Further, if a party files timely objections prior to the preparation of a transcript, the party may seek leave of court to supplement the objections. *Id.*

{¶ 27} "The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision." *Swartz v. Swartz*, 2011-Ohio-6685, ¶ 8 (9th Dist.), citing *Weitzel v. Way*, 2003-Ohio-6822, ¶ 17 (9th Dist.). William filed a praecipe with the clerk of courts asking it to prepare and file a transcript of the April 25,

2023 hearing before the magistrate. But his duty relating to the transcript did not end there. Mont. D.R. Rule 4.44(D) provides, in part: "<u>Failure to file praecipe for a transcript with appropriate deposit may cause the court to rule on the objections as if no transcript had been ordered.</u>" (Emphasis in original.) Under Rule 4.44(D), William was required to (1) alert the trial court that a transcript had been ordered, (2) file a praecipe for a transcript, and (3) provide the appropriate deposit for the transcript.

{¶ 28} Similarly, Mont. D.R. Rule 4.45(C) provides, in part: "Upon failure of a party to timely order, deposit payment for, cause to be filed an available transcript, or to timely file a statement of the evidence when appropriate, the court may: (1) As to objections, adopt any finding of fact in a Magistrate Decision without further consideration and rule upon those objections accordingly." Further, Mont. D.R. Rule 4.45(A) provides, in part:

> If a party intends to object or appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, that party shall provide a transcript of all evidence relevant to such findings or conclusions. The party shall file a praecipe with the Clerk of Courts for the transcript on the same date as the filing of an objection or a notice of appeal. Within 14 days of the filing of praecipe, the party shall deposit with the court reporter the cost of the transcript. . . . In proceedings where objections have been filed, if no deposit is received within 14 days, the court reporter shall notify the assigned Judge who may proceed to rule upon the objections.

{¶ 29} William received a full hearing before the magistrate. After filing his initial objections, William asked for and received an extension of time in which to file the

transcript. But he never paid for the preparation of the transcript from the magistrate's hearing. Simply filing a praecipe to the clerk to prepare the transcript is insufficient to comply with Mont. D.R. Rules 4.44 and 4.45. Rather, an objecting party must also pay a deposit for the preparation of the transcript. *Holbrook v. Holbrook*, 2008-Ohio-2079, ¶ 5, 20 (2d Dist.) (holding that appellants could not seek review of the factual conclusions underlying the magistrate's decision where they ordered a transcript of the hearing but did not pay the deposit for the transcript).

{¶ 30} William states in his appellate brief that he was trying to obtain the funds to pay for the transcript during the 79-day period between his motion for an extension of time and when the trial court ruled on his objections. But there is nothing in the record to demonstrate that he requested the deposit be waived or that he alerted the trial court that he was having difficulty obtaining the funds to pay for the transcript. In spite of this, William argues the trial court was required to wait an indefinite period of time in anticipation of William filing the transcript at some point in the future. William has cited no case law, statutes, or rules that support his argument that the trial court was required to wait indefinitely for an objecting party to pay for the transcript. Further, Mont. D.R. Rules 4.44 and 4.45 clearly put William on notice that the failure to pay for the transcript may result in the trial court ruling on the objections as if no transcript had been ordered.

{¶ 31} Based on our review of the record, we cannot conclude that William was denied due process or that the trial court erred by ruling on his objections before a transcript was filed. Therefore, the second assignment of error is overruled.

IV.    Conclusion

{¶ 32} Having overruled both of William's assignments of error, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and WELBAUM, J., concur.