Jones, J.
 

 There is no debatable constitutional question involved in this case. No such question was pre
 
 *173
 
 seated in the appellate conrt; nor do plaintiffs in error, in their brief, make any snch claim in this conrt; on the other hand the plaintiffs in error claim their right to file the case here for the reason that it originated in the Court of Appeals; and this is the only question, other than one of fact, -which is presented upon the motion of defendant in error to dismiss the petition in error.
 

 Section 2, Article IV, of the State Constitution, confers upon this court appellate jurisdiction “in cases which originated in the courts of appeals.” This proceeding for contempt was an independent proceeding arising out of the main action theretofore heard on appeal. Had the contempt proceedings been inaugurated in the trial court its avenue to this court would be by way of certification by motion; but, since the contempt proceedings were first filed in the Court of Appeals, under favor of Section 2, Article IY, of the State Constitution, it assumes the status of a
 
 “case”
 
 which originated in the Court of Appeals, and a petition in error thereto may be filed in this court as of
 
 right.
 

 While the foregoing question has not been determined in any of the former syllabi of this court it has been recognized as a proper procedural step in contempt proceedings where such proceedings were filed in the Court of Appeals.
 
 Board of Commissioners of Greene County
 
 v.
 
 Harshman,
 
 102 Ohio St., 452, 132 N. E., 925;
 
 Globe-Wernicke Co.
 
 v.
 
 Safe-Cabinet Co.,
 
 98 Ohio St., 447, 121 N. E., 901.
 

 The remaining question presented is one of fact purely. The Court of Appeals found that there had been five specific violations of the injunctive order which it made in October, 1924. The testimony relating to the violation of the court’s order is quite voluminous, and, while some of it is direct, the testimony relating thereto is largely circumstantial. From an examination of the record we are of opinion that there was substantial evidence introduced warranting
 
 *174
 
 the finding that the plaintiffs in error were guilty of contempt.
 

 The motion to dismiss the petition in error will be overruled and the judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Allen, Stephenson and Matthias, JJ., concur.
 

 Kinkade, J., not participating.