DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, John Robert Moore IV, appeals from the decision of the Ottawa County Court of Common Pleas, Domestic Relations Division, denying his objections to a magistrate's decision. For the reasons that follow, we affirm.
 {¶ 2} Appellee, Hilary Moore, and appellant were married on February 12, 1994, and had three minor children. In March 2002, appellee filed for divorce from appellant. While the divorce was still pending, appellee filed a "motion for orders as to arrearage." *Page 2 
Appellee alleged that appellant was in arrears of his temporary support obligation in the amount of $30,006. Appellee also alleged that appellant was in arrears of his obligation to make appellee's vehicle payment in the amount of $14,755.68. On May 9, 2005, appellee filed a "motion to show cause and for other relief." Appellee sought an order from the court requiring appellant to appear and show cause why he should not be held in contempt for his failure to comply with the court's prior orders regarding temporary support and appellee's vehicle payments.
 {¶ 3} The parties were divorced pursuant to a judgment entry on January 4, 2006. On May 25, 2006, appellant was found in contempt of the court's prior orders regarding temporary support and appellee's vehicle payments. Specifically, the court found appellant's arrearage to be $115,678.94. He was given 30 days to purge himself of contempt. On June 8, 2006, appellant filed objections to the court's decision.
 {¶ 4} On August 9, 2006, the court issued an order adjusting appellant's arrearages downward to $104,427.81 but overruling all of appellant's objections. Appellant now appeals setting forth the following assignments of error:
 {¶ 5} "I. The trial court erred in ruling that appellant's objections were untimely filed.
 {¶ 6} "II. The trial court erred in denying appellant's objections on the basis that appellant failed to request a transcript.
 {¶ 7} "III. The trial court erred in adopting the magistrate's findings with respect to appellant's ability to pay appellee's vehicle payment, and to pay the appellee spousal and child support." *Page 3 
 {¶ 8} In his first assignment of error, appellant contends that the court erred in ruling that his objections were untimely filed. Civ.R. 53(D)(3)(b)(i) states:
 {¶ 9} "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law."
 {¶ 10} Appellee concedes that the trial court erroneously found that appellant's objections were untimely filed. Appellant suffered no prejudice as the trial court acknowledged its mistake in a September 6, 2006 judgment entry. Appellant's first assignment of error is found not well-taken.
 {¶ 11} Appellant's second and third assignments of error will be addressed together. In his second assignment of error, appellant contends that the trial court erred in denying his objections based on the fact that he failed to request a transcript. In his third assignment of error, appellant contends that the trial court erred in adopting the magistrate's findings that he owed arrearages. Civ.R. 53(D)(3)(b)(iii) states:
 {¶ 12} "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or *Page 4 
manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."
 {¶ 13} In accordance with Civ.R. 53, a party cannot challenge the factual findings contained within a magistrate's decision on appeal unless such party submits the required transcript or affidavit to the trial court. Appellant did not submit a transcript or affidavit. Thus, to the extent that appellant challenges any findings of fact, appellant is precluded from arguing any factual determinations on appeal, and has waived any claim that the trial court erred in adopting the magistrate's findings. Appellant's second and third assignments of error are found not well-taken.
 {¶ 14} The judgment of the Ottawa County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
 JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1