[Cite as *Steele v. Steele*, 2013-Ohio-3655.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| CHARLES R. STEELE | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.  25713 |
| v. | : | T.C. NO.  05DR864 |
| BOBBIE JO STEELE nka MALOCU | : | (Civil appeal from Common Pleas Court, Domestic Relations) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____23rd____ day of ____August____, 2013.

. . . . . . . . . .

H. STEVEN HOBBS, Atty. Reg. No. 0018453, 119 North Commerce Street, Lewisburg, Ohio 45338
        Attorney for Plaintiff-Appellant

BRIAN A. SOMMERS, Atty. Reg. No. 0072821, 130 W. Second Street, Suite 840, Dayton, Ohio 45402
        Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

        **{¶ 1}**  Charles Steele appeals from a judgment of the Montgomery County

Court of Common Pleas, Domestic Relations Division, which vacated a magistrate's finding that his former wife Bobby Jo Steele (n.k.a. Malocu) had been in contempt for interfering with his parenting time and his telephone contact with their daughter.

{¶ 2} For the reasons that follow, the judgment of the trial court will be affirmed.

{¶ 3} Steele and Malocu were divorced in 2007 and entered into a shared parenting plan with respect to their daughter, M.S. In 2010, the shared parenting plan was terminated, and Malocu was designated as the residential parent; Steele continued to have expanded visitation with M.S.

{¶ 4} In July 2011, Steele filed a motion to show cause why Malocu should not be held in contempt for denial of parenting time; in October 2011, he filed an amended motion in which he asserted that Malocu had also interfered with his telephone contact with M.S.[1] The alleged violations occurred during July 2011, shortly after an incident which led Malocu to suspect and to initiate investigations of sexual abuse of M.S. by Steele.

{¶ 5} Steele's motion to show cause was referred to a magistrate, who conducted a hearing on April 6 and May 15, 2012. The evidence presented at the hearing established the following.

{¶ 6} In late June 2011, M.S., age 6 or 7, reported to her mother that her "privates" were irritated, a condition with which the child had dealt repeatedly. M.S. had returned from a camping trip with Steele a day earlier, and she reported that Steele had

---

[1] Steele's motion contained other allegations of contempt, which were overruled by the magistrate and are not relevant to this appeal.

applied medication to the affected area. M.S. had been uncomfortable with Steele's application of the medicine. Malocu became concerned about sexual abuse.

{¶ 7} Malocu took M.S. to Children's Hospital, where she was examined. Malocu testified that M.S. refused to allow a male physician to examine her. Vaginal irritation was documented, but no signs of sexual abuse were observed. Malocu talked with a social worker, who in turn consulted with the medical professionals who had examined M.S. The social worker decided that no referral of the case to Children Services ("CSB") or the police was warranted, and she informed Malocu of this conclusion. The social worker also informed Malocu that she (Malocu) could report the incident to CSB or the police herself if she wanted to do so. Malocu did report her concern to CSB and to the West Carrollton Police Department.

{¶ 8} Steele had been scheduled to have visitation with M.S. from July 3 through 10, 2011. Because the alleged inappropriate touching was being investigated during that time, Malocu did not permit Steele to exercise his visitation. Rather, Malocu took M.S. on vacation to South Carolina.

{¶ 9} CSB closed the case within a couple of weeks as "unsubstantiated." Malocu received the notice of CSB's determination in mid-July 2011, and she resumed the normal parenting schedule with Steele shortly thereafter.

{¶ 10} It is unclear what, if any, action the police took.

{¶ 11} At the hearing before the magistrate, the testimony of Malocu, Steele, the hospital's social worker, and a clinical psychologist who counseled M.S. and her mother after the investigation, was presented. They testified about Malocu's suspicion of sexual

abuse, M.S.'s behavior and history of vaginal irritation, and the events that transpired during the investigation. Steele also presented evidence that Malocu had not facilitated his telephone contact with M.S.

{¶ 12} Based on this evidence, the magistrate concluded that Malocu had not acted in good faith when she denied Steele's visitation. In particular, the magistrate noted that 1) none of the professionals who examined or talked with M.S. determined that there was any evidence upon which to base Malocu's subjective belief that abuse may have occurred, as evidenced by their failure to refer the matter to CSB, 2) Malocu was "warned" by the social worker and a police officer that she should not violate the court's visitation order without legal advice, 3) Malocu did not agree to or offer make-up parenting time to Steele, although he raised the issue with her, 4) Malocu did not file a motion with the court in response to her concerns, and 5) Malocu went on a vacation with M.S. during the disputed parenting time. The trial court did not make any specific findings regarding Steele's claims of interference with telephone contact.

{¶ 13} The magistrate found Malocu in contempt for withholding visitation and telephone contact, sentenced her to incarceration not to exceed five days, and ordered that she could purge the contempt by allowing Steele an additional week of summer parenting time in 2012 or 2013. The magistrate also ordered Malocu to pay "clerk administrative fees" and $350 in attorney fees.

{¶ 14} Malocu filed objections to the magistrate's decision. In her objections, she argued that allowing M.S. to visit with her father while he was being investigated by CSB and the West Carrollton police would have violated her duty to protect her child (citing R.C.

2919.22) and that, under the circumstances, her denial of visitation for one week was reasonable. She also argued that she had not interfered with Steele's telephone contact, because most of his communications had been text messages sent to her (not M.S.) and the one phone call had been while M.S. was at summer school.

{¶ 15} After "thoroughly and independently review[ing] the record," the trial court concluded that Malocu "acted in the best interest of [M.S.] when she denied parenting time for a one week period while CSB and the West Carrollton Police Department were conducting their respective investigations," despite the fact that the allegations were ultimately found to be unsubstantiated. The court also noted that M.S.'s counseling sessions (which occurred after the alleged incident) revealed that she had anxiety about visiting Steele.

{¶ 16} The court also found that Steele failed to prove that Malocu had interfered with his telephone contact with M.S. Most of the communications were by text, and Steele "admitted that it was not practical to expect a 7 year old child to respond to a text message;" the one alleged instance of missed telephone contact was at a time when the child was "likely in summer school."

{¶ 17} The trial court denied Steele's motion for a finding of contempt "in its entirety" and vacated the awards of administrative and attorney fees.

{¶ 18} Steele appeals from the trial court's judgment, raising one assignment of error.

THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S CONTEMPT MOTION IN [ITS] ENTIRETY.

{¶ 19}    Steele contends that the trial court "disregard[ed] key testimony" in finding that Malocu had an affirmative defense to the finding of contempt and in rejecting the conclusions of the magistrate, who "had the better opportunity to weigh the credibility of each and every witness who testified."   Steele asserts that Malocu denied parenting time because she wanted to take M.S. to South Carolina and that, in removing M.S. from the area, Malocu delayed the investigations by precluding access of CSB and the police to the child. Steele also argues that the trial court should not have relied on M.S.'s counselor's conclusion that M.S. had anxiety about visiting her father, because the counseling did not begin until after the investigation was closed, and "[t]his bootstrap analysis" did not demonstrate sound reasoning.

{¶ 20}    Steele, as the movant in the motion to show cause, had the obligation to prove by clear and convincing evidence that Malocu was in contempt by failing to comply with the court's orders.  *Rock v. Rock*, 2d Dist. Montgomery No. 25311, 2013-Ohio-390, ¶ 14; *Jenkins v. Jenkins*, 2d Dist. Clark No. 2011 CA 86, 2012-Ohio-4182, ¶ 12.   A residential parent may have a defense in a contempt proceeding for interference with parenting time if he or she has a reasonable, good faith belief that he or she must deny visitation to protect the safety of the child.  *See, e.g.*,  *Hensley v. Hensley*, 6th Dist. Erie No. E-08-026, 2009-Ohio-1738, ¶ 22; *McClead v. McClead*, 4th Dist. Washington No. 06CA67, 2007-Ohio-4624, ¶ 33; *Buchanan v. Buchanan*, 12th Dist. Clermont Nos. CA98-10-085, CA98-10-091, 1993 WL 619049, * 2 (Aug. 16, 1999).

{¶ 21}    Malocu does not dispute that Steele was entitled to five weeks of visitation with M.S. in the summer of 2011, that one of those weeks was scheduled for the first week of July, and that she refused to allow that visitation to occur.   She argues, however, that she

should not be held in contempt because, in light of her concerns, which were still being investigated at that time, she was justified in withholding visitation.

{¶ 22} In accordance with Civ.R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. *Dayton v. Whiting*, 110 Ohio App.3d 115, 118, 673 N.E.2d 671 (2d Dist.1996). Thus, the trial court's standard of review of a magistrate's decision is de novo.

{¶ 23} An appellate court reviews the trial court's decision to adopt a magistrate's decision under an abuse of discretion standard. *Proctor v. Proctor*, 48 Ohio App.3d 55, 60-61, 548 N.E.2d 287 ( 3rd Dist.1988). An abuse of discretion means that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Presumptions of validity and deference to a trial court as an independent fact-finder are embodied in the abuse of discretion standard. *Juergens v. Strileckyj,* 2d Dist. Clark No. 2010 CA 36, 2010-Ohio-5159, ¶ 21. When applying the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court. *Berk v. Mathews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990); *Randall v. Randall*, 2d Dist. Darke No. 1739, 2009-Ohio-2070, ¶ 8-10.

{¶ 24} Conflicting evidence as to the reasonableness of Malocu's actions was presented at the hearing. Some of the evidence suggested that Malocu quickly jumped to the conclusion that Steele's applying medicine to the child's genitals (the use of which had previously been discussed with a doctor) was sexually abusive, considering that M.S. was known to have a problem with irritation in this area. The evidence also showed that Malocu was initially reluctant to accept the opinions of the medical professionals who examined

M.S., who failed to find physical evidence indicating abuse. On the other hand, Malocu testified that M.S. had been very upset and physically uncomfortable after her father's application of medicine to her genitals and had refused to allow a male doctor to examine her at the hospital. She also testified that M.S. did not need cream at Malocu's house, and that M.S. was able to apply her own cream if it was needed.

{¶ 25} Suspicions of child sexual abuse evoke strong emotions and reactions, and the trial court apparently concluded that Malocu's suspicions justified her short-term refusal to allow visitation, while the matter was being investigated. The magistrate's concerns about Malocu's motives were not unfounded, but the trial court was entitled to weigh the evidence independently when it conducted its review of the magistrate's findings. We cannot conclude that the trial court abused its discretion in finding that Malocu was not in contempt for suspending visitation while the matter was investigated.

{¶ 26} Likewise, viewing the evidence regarding the alleged interference with telephone contact, including texting, the trial court could have reasonably concluded that Malocu's conduct with respect to the telephone communications, including a single missed phone call (during which the child may have been at summer school) and Steele's reliance on texting, which may not have been a reasonable manner of communicating with a seven-year-old child, had not justified a finding of contempt. The trial court did not abuse its discretion in reaching the conclusions that it did.

{¶ 27} The assignment of error is overruled

{¶ 28} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, P.J. and DONOVAN, J., concur.

Copies mailed to:

H. Steven Hobbs
Brian A. Sommers
Hon. Denise L. Cross