[Cite as *Cianciola v. Johnson's Island Property Owners Assn.*, 2018-Ohio-2037.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| Elizabeth J. Cianciola, et al. | Court of Appeals No. OT-17-027 |
| Appellants | Trial Court No. 10CV232 |
| v. | |
| Johnson's Island Property Owners Assoc. | **DECISION AND JUDGMENT** |
| Appellee | Decided: May 25, 2018 |

* * * * *

George C. Wilber, for appellants.

John A. Coppeler, for appellee.

* * * * *

**JENSEN, J.**

## I. Introduction

**{¶ 1}** Appellants, Elizabeth and Anthony Cianciola, appeal the judgment of the Ottawa Count Court of Common Pleas, denying their motion to show cause and rejecting the Cianciolas' allegations of contemptuous conduct on the part of appellee, Johnson's Island Property Owners Association ("JIPOA").

## A. Facts and Procedural Background

{¶ 2} The background facts of this case were previously summarized by this court as follows:

> Johnson's Island is situated on Sandusky Bay off the southern coast of the Marblehead Peninsula near Lake Erie in Ottawa County. In 1956, Johnson's Island was purchased by Johnson's Island, Inc., a for-profit Ohio corporation.

> Thereafter, Johnson's Island, Inc. recorded a plat map which divided the island into building lots and dedicated two roadways. Prior to subdivision and subsequent sale of the lots, Johnson's Island, Inc. recorded a declaration of restrictions restricting the use of lots 26-53, 61-170, and 173-376 on the island.

> Appellees are record owners of several lots purportedly restricted by the declaration of restrictions. Appellees purchased their respective lots at various times ranging from as early as 1957 to as recent as 2006. Appellees' deeds include language that subjects the property to, inter alia, "conditions and restrictions of record."

> The declaration of restrictions sets forth several terms pertaining to the use of property. However, the declaration of restrictions does not compel membership in any homeowners' association, nor does it include language regarding the formation of a homeowners' association, or any

mention of assessment of dues. Further, the declaration of restrictions is silent on the issue of amendment and future revision.

JIPOA is an Ohio not-for-profit corporation that was formed in 1956. When initially formed, the company's name was Johnson's Island Club, Inc. However, in 1983, the name was changed to Johnson's Island Property Owners' Association. Upon formation, JIPOA filed its code of regulations with the Secretary of State. The code of regulations provided, in part, the following purposes for which JIPOA was formed:

To promote the development of the common facilities on Johnson's Island * * * for the use and benefit of all lot owners thereof; to operate and maintain said facilities and to adopt and enforce regulations governing the conditions of use thereof; to provide service on or to the island for the members as required or desired; * * * to maintain standards for the admission of members thereto * * *.

JIPOA's code of regulations also allowed amendment by a majority vote of its members.

JIPOA adopted an amended code of regulations in 2009 giving itself authority, for the first time, to impose assessments upon appellees by virtue of their ownership of property on Johnson's Island. Appellees objected to the enforcement of JIPOA's code of regulations, and filed suit with the Ottawa County Court of Common Pleas seeking a declaratory judgment to

3.

quiet title and an injunction to prevent enforcement of the code of regulations.

The trial court granted appellees' summary judgment motion and determined that JIPOA's code of regulations was unenforceable against appellees since it is not in their chains of title. *Cianciola v. Johnson's Island Property Owner's Assn.*, 981 N.E.2d 311, 2012-Ohio-5261, ¶ 2-8 (6th Dist.).

{¶ 3} JIPOA appealed the trial court's grant of summary judgment. We ultimately affirmed, concluding that JIPOA's code of regulations and operating agreement are not enforceable against the landowners, which included the Cianciolas, and upholding the trial court's injunction preventing JIPOA from attempting to enforce those documents or making any filings that may cloud the landowners' title. *Id*. at ¶ 32.

{¶ 4} Thereafter, on November 18, 2016, JIPOA filed a "Complaint on account, for unjust enrichment, and quantum meruit" with the Ottawa County Municipal Court in case No. CVF1600777. In its complaint, JIPOA made several references to its operating agreement, which was previously deemed unenforceable against the Cianciolas. Nonetheless, JIPOA alleged that common law principles obligated the Cianciolas, as owners of an easement across island roadways, to pay a proportionate share of the expenses to repair and maintain such roadways. JIPOA went on to allege that the Cianciolas had failed to pay their proportionate share. Therefore, JIPOA asserted that it was owed approximately $4,264.05 in unpaid road repair and maintenance expenses,

4.

which represented the Cianciolas' proportionate share of the actual expenditures JIPOA incurred from 2010 through 2014.

{¶ 5} Five months after JIPOA filed its complaint in the municipal court, the Cianciolas filed a motion to show cause with the court of common pleas in case No. 10CV232. The Cianciolas argued in their motion that JIPOA's new complaint was an attempt to enforce its code of regulations and operating agreement in violation of the trial court's previous injunction under the guise of "common law principles."

{¶ 6} In its May 17, 2017 response to the Cianciolas' motion to show cause, JIPOA urged that it was not relying upon its code of regulations or operating agreement to support its claim for road repair and maintenance expenses. Rather, JIPOA insisted that its claims were rooted in common law principles governing appellants as easement owners.

{¶ 7} On June 28, 2017, a hearing was held on the Cianciolas' motion to show cause. No evidence was taken at the hearing. Instead, the parties stipulated to certain relevant facts, and agreed to submit post-hearing briefs.

{¶ 8} Upon receipt of the post-hearing briefs, the trial court issued its decision denying the Cianciolas' motion to show cause. In its decision, the trial court found that JIPOA was enforcing its common law right to collect from the Cianciolas based upon their responsibility to pay for repair and maintenance of the Johnson's Island causeway. On October 5, 2017, the Cianciolas' filed their timely notice of appeal. JIPOA's

5.

municipal court action in case No. CVF1600777 has been stayed pending disposition of this appeal.

## B. Assignments of Error

{¶ 9} On appeal, the Cianciolas present the following assignments of error:

I. The trial court erred when it failed to find count 1 of JIPOA's municipal court complaint, a claim on account for unpaid road assessments, to be in contempt of the trial court's prior order enjoining JIPOA from enforcing the operating agreement against appellants.

II. The trial court erred and abused its discretion in finding that JIPOA's complaint contained a common law contribution cause of action and in relying on that cause of action to deny the Cianciolas' motion for contempt.

{¶ 10} Because appellants' assignments of error are interrelated, we will address them simultaneously.

## II. Analysis

{¶ 11} In their assignments of error, the Cianciolas argue that the trial court erred in denying their motion to show cause and refusing to hold JIPOA in contempt of court.

{¶ 12} In general, contempt occurs when a party disobeys a court order. *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). "To establish contempt, the moving party must 'establish a valid court order, knowledge of the order by the defendant, and a violation of the order.'" *Henry v. Henry*, 9th Dist. Summit No.

6.

27696, 2015-Ohio-4350, ¶ 12, quoting *State v. Komadina*, 9th Dist. Lorain No. 03CA008325, 2004-Ohio-4962, ¶ 11. An appellate court will not reverse the decision of a lower court in a contempt proceeding absent a showing of an abuse of discretion. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981), citing *Cady v. Cleveland Worsted Mills Co.*, 126 Ohio St. 171, 184 N.E. 511 (1933). The term "abuse of discretion" implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} Here, the Cianciolas urge that JIPOA's complaint constitutes an attempt to enforce its operating agreement and code of regulations, in violation of the trial court's order enjoining the enforcement of such documents against non-members. In support, the Cianciolas note certain provisions within JIPOA's complaint in which it alleges that it has adhered to procedures outlined in the code of regulations and operating agreement in attempting to collect the Cianciolas' proportionate share of road maintenance and repair expenses.

{¶ 14} Indeed, our review of the complaint reveals multiple references to JIPOA's operating agreement and the road commission that was formed thereunder. However, these references merely explain the manner in which JIPOA has attempted to collect the proportionate share of road maintenance and repair expenses from the Cianciolas; the operating agreement is not cited as a basis to support JIPOA's legal claims contained in

7.

the complaint. Rather, the claims raised in JIPOA's complaint stem from common law principles, as evidenced by paragraph 14 of JIPOA's complaint, which provides:

> 14. By common law principles, as owners of an easement across roadways owned by [Johnson's Island Investment Group], Defendants Cianciola are required to pay a proportionate share for road repair and maintenance expenses with other Islanders for ingress and egress across the Island roadways, including the Causeway and Gaydos Dr.

{¶ 15} In light of the allegations contained in the complaint, we find that JIPOA's claims should not be construed as veiled attempts to enforce its operating agreement and code of regulations. The Cianciolas argue that JIPOA's account claim is rooted in contract and insist that the claim can only be sustained by reference to the operating agreement and code of regulations. While it may be true that JIPOA's account claim depends upon the operating agreement and code of regulations, that fact alone does not demand a finding of contempt, especially where JIPOA's remaining claims are clearly based upon the Cianciolas' common law obligation to maintain and repair their easements and the complaint limits the scope of the matter to "common law principles." To the extent JIPOA's claims cannot be established solely based upon common law principles and without reference to the operating agreement and code of regulations, they will fail on the merits.

{¶ 16} The Cianciolas go on to note that JIPOA does not assert in its complaint that its road maintenance assessments are reasonable, which they argue is fatal to a

8.

common law claim. We find that this alleged pleading deficiency is addressed to the merits of the claims and does not support the Cianciolas' allegation of contempt.

{¶ 17} Viewed as a whole, and limited by its allegations, JIPOA's complaint raises claims against the Cianciolas that are rooted in the common law obligation of an owner of an easement to perform reasonable repairs and maintenance when necessary. *See Colace v. Wander*, 5th Dist. Richland No. 2006 CA 0005, 2006-Ohio-7094, ¶ 62-63 (stating that the burden of making necessary repairs to the easement falls upon the owner of the dominant estate, who is obligated to make repairs if necessary to prevent the enjoyment of the property right from becoming an annoyance and nuisance to the owner of the servient tenement). This theory of liability was not foreclosed in the injunction that precluded JIPOA from enforcing its operating agreement and code of regulations. Therefore, we find that the trial court did not abuse its discretion in denying the Cianciolas' motion to show cause.

{¶ 18} Accordingly, the Cianciolas' assignments of error are not well-taken.

### III. Conclusion

{¶ 19} For the foregoing reasons, the judgment of the Ottawa County Court of Common Pleas is affirmed. The Cianciolas are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

9.

Cianciola v. Johnson's Island
Property Owners Assn.
C.A. No. OT-17-027

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                _____

                                                JUDGE

Thomas J. Osowik, J.

                                   _____

James D. Jensen, J.                            JUDGE
CONCUR.

                                   _____

                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.