[Cite as *Rock v. Rock*, 2013-Ohio-390.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| TRACY M. ROCK, nka BELVO | : | |
| | : | Appellate Case No. 25311 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 99-DR-1550 |
| v. | : | |
| | : | |
| DAVID ROCK | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of February, 2013.

. . . . . . . . . . .

RICHARD B. REILING, Atty. Reg. #0066118, 5045 North Main Street, Suite 320-D, Dayton,
Ohio 45415
        Attorney for Plaintiff-Appellant

MATTHEW JEWSON, Atty. Reg. #0063928, 4 East Schantz Avenue, Dayton, Ohio 45409
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}   Plaintiff-appellant Tracy Belvo appeals from an order overruling her motion
to find her ex-husband, defendant-appellee David Rock, in contempt, and granting Rock's
motion to reallocate parental rights and responsibilities.  Belvo contends that the trial court

abused its discretion in denying her motion for contempt because Rock failed to comply with the divorce decree's requirement that he procure sufficient life insurance and health insurance for the benefit of their two children. Belvo also contends that the trial court erred in granting Rock's motion to reallocate parental rights and responsibilities concerning their daughter.

{¶ 2} We conclude that the trial court did not abuse its discretion in overruling Belvo's motion for contempt. The credible evidence established that Rock had procured sufficient life insurance to comply with the divorce decree and that health insurance for the children was no longer "available at a reasonable cost" once Rock suffered a work-related injury that led to the termination of his employment. We also conclude that the trial court did not err in ordering Belvo to pay child support for the time during which her daughter lived with Rock, was still in high school, and had not yet turned nineteen. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3} Tracy Belvo and David Rock were married in 1991. They have two children, a daughter who was born on June 4, 1992, and a son who was born in 1997. The parties were divorced on December 26, 2000. On that date, the trial court entered a final judgment and decree of divorce and a final decree of shared parenting. The decrees incorporated a shared parenting plan that had been agreed to by both parties.

{¶ 4} In its Final Judgment and Decree of Divorce, the trial court stated, in part:

> The Court further notes from the record that the parties have entered
> into a Shared Parenting Plan whereby they have addressed all issues concerning

the parenting of their minor children, including parenting times, child support, medical insurance, dependency tax exemptions and payment of uninsured medical and related expenses for their children.   **IT IS FURTHER ORDERED, ADJUDGED and DECREED**, that all of these issues shall be dealt with by the Court in the Shared Parenting Plan and in the Final Decree of Shared Parenting to be filed contemporaneously with this Final Judgment and Decree of Divorce.   Dkt. 38, p. 2 (Emphasis sic.)

**{¶ 5}**   The Final Decree of Shared Parenting provided, in part:

that the Father shall pay as and for child support the sum of Four Hundred and Twenty Dollars and 00/100 ($420.00), per month, per child, for two children, to be discharged in equal amounts according to the pay schedule of the Father. * * * Further, the parties are in agreement that the Father shall continue to pay child support until the parties' minor children reach the age of majority or graduate from high school, whichever occurs last, but in no event shall child support continue beyond the children's nineteenth (19) birthday, or until they are sooner emancipated by law or until further order of the Court.   * * *   Dkt. 37, p. 3.

**{¶ 6}**   The Shared Parenting Plan (Dkt. 37) provided, in part:

10. **LIFE INSURANCE FOR THE BENEFIT OF THE PARTIES' MINOR CHILDREN:**   The Father shall maintain at least $100,000.00 worth of life insurance upon his life for the benefit of the parties' minor children. Still further, the Husband shall designate the minor children as primary and

irrevocable beneficiaries to said life insurance policies death benefits. Still further, the Father's obligation to maintain said life insurance for the benefit of the parties' minor children shall continue until the children reach the age of 21.

\* \* \*

\* \* \*

19. **MEDICAL AND HOSPITALIZATION INSURANCE AND EXPENSES FOR THE PARTIES' MINOR CHILDREN:** The Father shall provide group health insurance coverage, if available at a reasonable cost, for the parties' dependent children, pursuant to the Dependent Health Care Order to be issued by the Court. Further, both parties shall take notice of the Standard Order of Health Care Needs for Dependent Children, attached hereto and incorporated herein by reference. \* \* \*

**{¶ 7}** In September 2004, Belvo filed a motion that included branches for contempt relating to Rock's alleged failure to provide health insurance and to procure $100,000 worth of life insurance. In a 2005 decision, the magistrate found that Rock was not in contempt for failing to provide health insurance, noting that at worst there was a limited lapse in coverage due to a change in Rock's employment. The magistrate also found that Rock should not be held in contempt for failing to maintain $100,000 worth of life insurance, but that he should continue to seek out and purchase life insurance that "is available at a reasonable cost." Dkt. 122.

**{¶ 8}** Rock suffered a work-related injury in March 2009. Since that time, his only source of income has been workers' compensation payments. Tr. 15-17. He has not

provided health insurance for his children since August 2009, although he has unsuccessfully searched for reasonably priced health insurance for his children. *Id.* at 18, 20, 42. Belvo has provided, and paid for, health insurance for their children since August 2009. *Id.* at 18-19, 50. When Belvo began providing the health insurance for the children, an appropriate adjustment was made to the child support computation.

{¶ 9} On August 10, 2010, the parties' daughter, who at that time was eighteen and still attending high school, moved out of Belvo's house and moved in with Rock. Between August 10, 2010 and June 4, 2011, when the daughter turned nineteen and graduated from high school, she lived with Rock, and had her daily living expenses paid for by Rock. *Id.* at 8-11, 40-41, 44-47, 59.

{¶ 10} Rock filed a motion to reallocate parental rights and responsibilities, based on the fact that his daughter had permanently vacated Belvo's house and moved in with Rock. Dkt. 160. Belvo filed a motion for contempt, requesting that the trial court "issue an order finding [Rock] in contempt for failure to comply with this court's orders by failing to maintain health and life insurance for the benefit of the parties' children." Dkt. 168.

{¶ 11} After a hearing, the magistrate issued a decision granting Rock's motion to reallocate parental rights and responsibilities with respect to the parties' daughter and overruling Belvo's motion for contempt. Belvo filed objections to the magistrate's decision. The trial court overruled the objections, denied Belvo's motion for contempt, and ordered Belvo to pay child support to Rock for the time their daughter lived with him until she turned nineteen. From this order, Belvo appeals.

## II. Rock Has at Least $100,000 Worth of Life Insurance

{¶ 12}  Belvo's First Assignment of Error states:

THE TRIAL COURT ABUSED ITS DISCRETION BY DECLINING TO HOLD APPELLEE IN CONTEMPT FOR FAILING TO PROVIDE LIFE INSURANCE.

{¶ 13}  A person who disobeys or resists "a lawful writ, process, order, rule, judgment, or command of a court or officer" may be punished for contempt. R.C. 2705.01(A). To make a finding of civil contempt, the evidence must be clear and convincing. *Sandro v. Sandro*, 114 Ohio App.3d 636, 683 N.E.2d 849 (3d Dist.1996).  A trial court's decision in a contempt proceeding will not be reversed absent an abuse of the court's discretion. *Szymczak v. Szymczak*, 136 Ohio App.3d 706, 713, 737 N.E.2d 980 (8th Dist.2000).

{¶ 14}  The Ohio Supreme Court has defined contempt as "disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph one of the syllabus. Therefore, in order for the trial court to find Rock in contempt, Belvo had the burden to present clear and convincing evidence that Rock disobeyed or resisted an order of the court, and that the disobedience had the prohibited result.

{¶ 15}  The trial court overruled Belvo's contempt motion, finding that Rock complied with the terms of the divorce decree regarding life insurance.  The trial court stated, in part:

The evidence presented reflects that defendant is currently unemployed due to a workers' compensation claim. He credibly testified that the children are beneficiaries of survivor benefits through Workers' Compensation. Additionally, he testified that he has survivor benefits through the Veterans Administration that exceed the required level of insurance coverage for the children.

The Court agrees with the magistrate that defendant has sufficient * * * life insurance equivalents to satisfy the requirements of the final judgment and decree of divorce and therefore is not found to be in contempt. Dkt. 212, p. 3.

{¶ 16} At the hearing, Rock testified that since his work-related injury in 2009, he has $200,000 worth of survivor's benefits available to his children through workers' compensation. Tr. 21-22. Furthermore, Rock testified that he has another $75,000 life insurance policy under which his children are contingent beneficiaries and his girlfriend is the primary beneficiary. *Id.* Rock also testified that he is seeking to obtain another $50,000 worth of life insurance through the Veteran's Administration. *Id.*

{¶ 17} On cross-examination, counsel for Belvo tried to establish that Rock's testimony regarding life insurance was not credible. The trial court, however, found Rock's testimony credible. The credibility of the witnesses and the weight to be given to their testimony are primarily matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997).

{¶ 18} Pursuant to the divorce decree and shared parenting decree, Rock was required to maintain at least $100,000 worth of life insurance for the benefit of the parties' minor children. Rock's testimony supports the trial court's finding that Rock has substantially complied with this requirement. Consequently, the trial court did not abuse its discretion in overruling Belvo's motion for contempt.

{¶ 19} The First Assignment of Error is overruled.


### III. Rock Provided Health Insurance When it Was

### Available to Him at a Reasonable Cost

{¶ 20} Belvo's Second Assignment of Error states:

THE TRIAL COURT ABUSED ITS DISCRETION BY DECLINING

TO HOLD APPELLEE IN CONTEMPT FOR FAILING TO PROVIDE

HEALTH INSURANCE.

{¶ 21} The Shared Parenting Plan required Rock to "provide group health insurance coverage, if available at a reasonable cost, for the parties' dependent children[.]" At the hearing, Rock testified that he provided health insurance coverage for his two children between the date of the decree of divorce until he was injured and lost his job in 2009. It is undisputed that Belvo has provided health insurance coverage for the parties' children since August 2009, for which an adjustment was made in the child support computation. Rock testified that after he lost his job, he searched for reasonably priced health insurance for his children but was unsuccessful. The trial court found Rock's testimony to be credible. Based on Rock's testimony, we find that the trial court did not abuse its discretion in overruling Belvo's motion for contempt on the issue of health insurance.

{¶ 22}  The Second Assignment of Error is overruled.


**IV.  The Final Decree of Shared Parenting Requires Child Support**

**to be Paid Until the Children Graduate from High School**

**or Turn Nineteen, Whichever Occurs First**

{¶ 23}  Belvo's Third Assignment of Error states:

THE TRIAL COURT ERRED BY ORDERING APPELLANT TO

PAY CHILD SUPPORT FOR [HER DAUGHTER].

{¶ 24}  The Shared Parenting Plan required Rock to "continue to pay child support until the parties' minor children reach the age of majority or graduate from high school, whichever occurs last, but in no event shall child support continue beyond the children's nineteenth (19) birthday, or until they are sooner emancipated by law or until further order of the Court."

{¶ 25}  Belvo contends on appeal that the trial court erred in awarding child support to Rock because their daughter "should have been deemed emancipated the moment that she left [Belvo's] residence."  Brief, p. 9.  The trial court rejected this argument, finding that "[t]he child had attained the age of 18 but had not graduated from high school.  There was an ongoing obligation to support a minor child.  The objection is without merit."  Dkt. 212, p. 3.

{¶ 26}  Rock and the parties' daughter testified that the daughter moved out of Belvo's residence in August 2010 and resided with Rock from that time until she turned nineteen on June 4, 2011.  The record reflects that the daughter also graduated from high school on June 4, 2011.  Rock and his daughter also testified that Rock paid the day-to-day

expenses of the daughter. Belvo testified that the parties' daughter often spent the night at her friends' residences rather than at her father's residence. She testified that she had no reason to disbelieve that Rock paid for their daughter's day-to-day expenses. The trial court credited the testimony of Rock and the parties' daughter over the testimony of Belvo. Based on this testimony, along with the terms of the Shared Parenting Plan, we find that the trial court did not err in ordering Belvo to pay child support to Rock from the time that his daughter started living with him and continued to attend high school until June 4, 2011, when she turned nineteen and graduated from high school.

{¶ 27} The Third Assignment of Error is overruled.


## V. Conclusion

{¶ 28} All of Belvo's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Richard B. Reiling
Matthew Jewson
Hon. Denise L. Cross