[Cite as *In re J.S.*, 2016-Ohio-7903.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE:   J.S.

:
:
:        C.A. CASE NO. 27171
:
:        T.C. NO. 2012-8682
:
:        (Civil appeal from Common
:          Pleas Court, Juvenile Division)
:
:
. . . . . . . . . .

**O P I N I O N**

Rendered on the _____23rd_____ day of _____November_____, 2016.

. . . . . . . . . .

EUGENE ROBINSON, Atty. Reg. No. 0010477, 131 N. Ludlow Street, Dayton, Ohio 45402
    Attorney for Appellant

LAURA M. WOODRUFF, Atty. Reg. No. 0084161, 30 Wyoming Street, Dayton, Ohio 45409
    Attorney for Appellee

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant Aman Khan appeals a decision of the Montgomery County Court of Common Pleas, Juvenile Division, which overruled his objections and affirmed the decision of the magistrate holding him in contempt for failing to provide a

surety of some kind to plaintiff-appellee Janet Sawitke that would insure that his child support arrearage would be paid in the event of Khan's death.   Khan filed a timely notice of appeal with this Court on June 30, 2016.

{¶ 2} As a result of her relationship with Khan, Sawitke gave birth to J.S. in 1995. Thereafter, Sawitke was unable to locate Khan until J.S. was seventeen years old.   Upon locating Khan, Sawitke filed a complaint to establish a parent/child relationship between J.S. and Khan.   Sawitke also requested a child support award in her complaint.   On July 19, 2013, the trial court issued a decision finding that Khan was the legal and biological father of J.S.   After a hearing held on November 19, 2013, the parties submitted an agreed entry establishing Khan's child support obligation which was subsequently adopted by magistrate's decision and judge's order on December 10, 2013.

{¶ 3} In the agreed entry, Khan acknowledged that he owed a child support arrearage totaling approximately $50,000.00.   The parties agreed that Khan would pay Sawitke a lump sum payment of $10,000.00, after which he would make monthly payments of "no less than" $1,000.00 until he paid off the remaining $40,000.00 arrearage.   Pertinent to the instant appeal, the agreed entry also stated as follows:

> C. [Khan] agrees to provide some surety that in the event of his death, the arrearage will be paid, such as naming Janet Sawitke the beneficiary of a life insurance policy or providing a trust account for [J.S.].   *Father shall provide Mother proof of said surety.*

{¶ 4} On June 5, 2015, Sawitke filed a motion to show cause/contempt in which she argued that Khan violated Section C of the agreed entry requiring him to provide some type of surety naming Sawitke as the beneficiary in the event of his death for the

unpaid balance remaining on his child support arrearage. A hearing was held before the magistrate on September 22, 2015, regarding Sawitke's motion to show cause. Khan was the only witness who testified during the hearing. Khan testified that he owned one State Farm issued life insurance policy, but he lost or misplaced the actual policy document and could not provide it at the hearing. Khan further testified that on August 27, 2014, he changed the beneficiary form on his insurance policy to reflect that J.S. was one of the beneficiaries (along with his other son, A.K.). Def. Ex. B. During the hearing, however, two change of beneficiary forms executed by Khan were admitted into evidence. Pl. Ex. 1, Def. Ex. B. Although both forms purport to be executed on the same day, August 27, 2014, different beneficiaries are named in each document. Specifically, unlike Def. Ex. B, Sawitke, not J.S., is named as one of the beneficiaries in Pl. Ex. 1 along with Khan's other son from a different relationship, A.K. We note that at the time of the hearing, Khan adduced evidence which established that the child support arrearage totaled approximately $20,000.00. We also note that since the hearing, Khan has produced two additional change of beneficiary forms. Khan has therefore submitted a total of four change of beneficiary forms all bearing his signature that were purportedly executed on the same date, August 27, 2014.

{¶ 5} In a decision issued on September 25, 2015, the magistrate found Khan in contempt for violating Section C of the agreed entry by failing to provide a form of surety that would eliminate any child support arrearage for J.S left to be paid in the event of his death. The magistrate sentenced Khan to ten days in jail, sentence suspended on the condition that within forty-five days of the decision, he provide Sawitke and her counsel with a "declaration page to an insurance policy with a face value of at least $20,000.00

as well as a beneficiary declaration that accompanies the policy naming [Sawitke] as the beneficiary or contingent beneficiary such as to provide proof of the surety as previously ordered by the Court."

{¶ 6} On October 7, 2015, Khan filed objections to the magistrate's decision and a motion to reopen the evidence. Attached to his motion to reopen was another change of beneficiary form signed and executed on August 27, 2014, that Khan argued superseded all of the other beneficiary forms he had previously submitted to the trial court at the contempt hearing on September 22, 2015. On January 19, 2016, Sawitke filed her response to Khan's objections to the magistrate's decision. On May 31, 2016, the trial court issued a decision overruling Khan's objections and adopting the magistrate's decision.

{¶ 7} It is from this judgment that Khan now appeals.

{¶ 8} Because they are interrelated, Khan's three assignments of error will be discussed together as follows:

{¶ 9} "IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO REJECT THE SUPERSEDING CHANGE OF BENEFICIARY FORM AFTER ACKNOWLEDGING DEFENDANT'S MOTION TO REOPEN THE EVIDENCE TO TENDER THE FORM BECAUSE IT WAS THE LAST DESIGNATION MADE OF A BENEFICIARY."

{¶ 10} "IT WAS AN ABUSE OF DISCRETION TO FIND DEFENDANT IN CONTEMPT WHERE DEFENDANT'S ACTIONS SUBSTANTIALLY COMPLIED WITH THE ORDER OF THE COURT THAT ENTERED [sic] ON DECEMBER 10, 2013."

{¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THE

DEFENDANT FAILED TO PRESENT SUFFICIENT EVIDENCE TO SHOW THAT THE SURETY REQUIRED BY THE COURT ORDER OF DECEMBER 10, 2013[,] WAS SATISFIED RATHER THAN TO DETERMINE THE PARTIES' INTENTION."

{¶ 12} In his first assignment, Khan contends that the trial court abused its discretion by failing to accept the allegedly "superseding" change of beneficiary form he filed after the contempt hearing with his motion to reopen the evidence. Khan further argues that the trial court erred when it considered the "superseding" change of beneficiary form along with the two additional change of beneficiary forms that were admitted into evidence at the contempt hearing. We note that the record establishes that Khan has submitted a total of four change of beneficiary forms which were all allegedly signed by Khan and executed on the same day, August 27, 2014. Specifically, Khan argues that the only valid change of beneficiary form was the document that he submitted to the trial court which was attached to his motion to reopen. In his second assignment, Khan argues that the trial court erred when it found him in contempt because he substantially complied with the court order to provide some type of surety naming Sawitke as the beneficiary in the event of his death for the unpaid balance remaining on his child support arrearage. In his third and final assignment, Khan argues that the trial court erred when it rejected a letter purportedly from Khan's insurance agent in which he interpreted the third "superseding" change of beneficiary form as sufficient evidence that Khan provided Sawitke with proof of surety.

{¶ 13} In *State v. Chavez–Juarez,* 185 Ohio App.3d 189, 2009-Ohio-6130, 923 N.E.2d 670 (2d Dist.), we recently discussed the concept of civil and criminal contempt:

Contempt is defined in general terms as disobedience of a court

order. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions. * * * Contempt proceedings are often classified as sui generis, neither civil nor criminal. * * * However, most courts distinguish between civil and criminal contempt proceedings. The distinction is usually based on the purpose to be served by the sanction. * * * Thus, in determining whether a contempt is civil or criminal, the pertinent test is "what does the court primarily seek to accomplish by imposing sentence?" * * * Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order. * * * Criminal contempt sanctions, however, are punitive in nature and are designed to vindicate the authority of the court. * * * Thus, civil contempts are characterized as violations against the party for whose benefit the order was made, whereas criminal contempts are most often described as offenses against the dignity or process of the court.

(Citations omitted.) *Id.,* at ¶ 24–25, citing *State ex rel. Corn v. Russo,* 90 Ohio St.3d 551, 554–555, 740 N.E.2d 265 (2001).

{¶ 14} "A prima facie case of civil contempt is made when the moving party proves both the existence of a court order and the nonmoving party's noncompliance with the terms of that order." *Wolf v. Wolf,* 1st Dist. Hamilton No. C–090587, 2010-Ohio-2762, ¶ 4. "Clear and convincing evidence is the standard of proof in civil contempt proceedings." *Flowers v. Flowers,* 10th Dist. Franklin No. 10AP1176, 2011-Ohio-5972, ¶ 13. Therefore, in order for the trial court to find Khan in contempt, Sawitke had the burden to

present clear and convincing evidence that he disobeyed or resisted an order of the court, and that the disobedience had the prohibited result. *Rock v. Rock*, 2d Dist. Montgomery No. 25311, 2013-Ohio-390. We review the trial court's decision whether to find a party in contempt under an abuse-of-discretion standard. *Wolf* at ¶ 4.

{¶ 15} As the Supreme Court of Ohio has determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

*AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 16} As previously noted, the Agreed Entry executed and submitted by the parties and adopted by the trial court on December 10, 2013, stated that Khan would provide some surety that in the event of his death, the child support arrearage to Sawitke would be paid in full. Specifically, Section C in the agreed entry required that Khan: 1) provide a surety, in the form of an insurance policy or trust account, that would satisfy the remaining child support arrearage in the event of his death; and 2) provide proof of said

surety to Sawitke. The record establishes that between December 10, 2013, and the date of the contempt hearing on September 22, 2015 (approximately twenty months), Khan failed to provide Sawitke with a surety, in the form of an insurance policy or trust account, nor with proof of the required surety.

{¶ 17} Moreover, as the trial court found, the record contains four change of beneficiary forms that Khan claimed at one time or another to be the controlling form. As noted by the trial court, all four forms identify Khan as the named insured, and confusingly, all four forms indicate that they were executed on the same day, August 27, 2014. As previously mentioned, Plaintiff's Exhibit 1 is a change of beneficiary form for State Farm Insurance policy number *********_8_. The form lists Sawitke as the primary beneficiary of the policy, with the balance to A.K., Khan's son from another relationship. The form also notes Khan's residence as being located in Dayton, Ohio.

{¶ 18} On the other hand, Defendant's Exhibit B is a change of beneficiary form for State Farm Insurance policy number *********_9_. Def.'s Ex. B lists J.S. and A.K. as the primary beneficiaries. Unlike Pl.'s Ex. 1, Def.'s Ex. B lists Khan's residence as being located in Vandalia, Ohio. Def.'s Ex. B also contains the following notation handwritten in next to the list of beneficiaries: "[P]ursuant to an agreed entry case no. 2012-08682 till paid in full. Montgomery County Dayton, Ohio Dec. 2013."

{¶ 19} Since the contempt hearing, two additional change of beneficiary forms have been submitted into the record. The first of the two additional forms appears to be identical to Def.'s Ex. B except that it does not contain the handwritten notation previously mentioned.

{¶ 20} The final change of beneficiary form is the document that Khan attached to

his "Objections to the Magistrate's Decision and Judge's Order Motion to Show Cause/Contempt and Motion to Reopen Evidence on Behalf of Defendant." Khan argues that this final document is the superseding and controlling change of beneficiary form, and he asserts that this form is sufficient proof of surety as required in Section C of the agreed entry originally executed by the parties. We note that the final change of beneficiary form submitted by Khan is identical to Pl.'s Ex. 1 (State Farm policy No. *********_8_). Khan also attached an affidavit in which he states that he was confused at the contempt hearing and did not realize that the change of beneficiary form that he submitted as evidence (Def.'s Ex. B) had been superseded ostensibly by Pl.'s Ex 1.

{¶ 21} Khan also attached a letter purportedly written and signed by his State Farm Insurance Agent David Yenney, in which he identifies insurance policy number *********_9_ to be the only policy that Khan owns. We note that the change of beneficiary form cited by Khan as being the superseding controlling document identifies insurance policy number *********_8_ as being the policy to which the change of beneficiary form applies. At the hearing, Khan had no explanation for why there were two different policy numbers under his name other than to say that State Farm must have made a mistake when it created the forms. Moreover, the change of beneficiary form associated with policy number *********_8_ designates Khan's residence as being located in Dayton, Ohio, while the change of beneficiary form associated with policy number *********_9_ designates his residence as being located in Vandalia, Ohio. It is also important to note that the change of beneficiary forms appear to have been witnessed by different individuals based upon the signatures.

{¶ 22} In light of the foregoing, we find that the trial court did not abuse its discretion

when it overruled Khan's objections and affirmed the decision of the magistrate holding him in contempt for failing to provide a surety of some kind to plaintiff-appellee Janet Sawitke that would insure that his child support arrearage would be paid in the event of Khan's death. In the instant case, the evidence adduced by Sawitke at the contempt hearing established that there were a minimum of three different change of beneficiary forms executed by Khan on August 27, 2014. Even more confusing is the fact that the change of beneficiary forms indicate that two separate insurance policy numbers exist while Khan testified that he only had one insurance policy with State Farm. There is no evidence in the record regarding which policy number is the correct policy number. Finally, in the change of beneficiary form that Khan argues supersedes the other forms, the listed insurance policy number is *********_8_, while Khan's own insurance agent stated in his letter that the policy owned by Khan is *********_9_.

**{¶ 23}** Khan's first, second, and third assignments of error are overruled.

**{¶ 24}** All of Khan's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Eugene Robinson
Laura M. Woodruff
Hon. Anthony Capizzi